Aron Steuer, J.
This motion pursuant to section 1451 of the Civil Practice Act, to stay the action until arbitration has been had, raises two questions.
Both parties were member firms of the New York Stock Exchange. The constitution of the exchange provides for arbitration of disputes between member firms and there is no claim that an agreement to arbitrate in this form is not binding. However plaintiff asserts that it is not bound because it is no longer a member firm. According to the complaint the acts giving rise to the claim took place in September, 1957. On the last day of that month, plaintiff, a partnership dissolved. The partners became members of other member firms. Obviously the acts of which it complains occurred while it was still a member. If it persists as an entity for the purpose of suing beyond the date of its dissolution it also persists as a member subject to the constitution of the exchange. This ground for resisting arbitration is not well taken.
The precise wording of the arbitration provision is: “ Sec. 1. Any controversy between parties who are * * * member firms * * * shall at the instance of any such party, and any controversy between a non-member and a member * * * arising out of the business of such member * * * or the dissolution of a member firm * * * shall, at the instance of such non-member be submitted for arbitration ’ ’.
It is to be noted that a distinction is made between what is arbitrable between members and what is arbitrable between a member and a nonmember. In the latter case it is any controversy arising out of the business or dissolution of the member. In the-former it is any controversy.
The claim here is that a “ representative ” of defendant wrote a letter concerning the financial condition of the plaintiff and that this letter was libelous. A “ controversy” is any difference which can be the subject of a suit at law or equity (see *227 U. S. Const., art. Ill, § 2: “ The judicial Power shall extend * * * to Controversies to which the United States shall be a Party; to Controversies between two or more States ” etc.). While we do not usually associate a claim for libel with arbitration there is no restriction on an agreement to do so. That being the case it would appear that this agreement was sufficiently broad to include it. It is a usual expression where an agreement to arbitrate is found not to include the matter in suit that it does not include " all controversies ”. (See Matter of Eagar Constr. Corp v. Ward Foundation Corp., 255 App. Div. 291, 293.) If the agreement does include all controversies the determination must be otherwise.
The motion is granted.