J. Irwin Shapiro, J.
This is an application to stay all proceedings on the part of the plaintiff, Robert J. Walsh, in an action which he commenced in this court against the petitioners, upon the ground that the disputes embraced in that action are referable to arbitration (Civ. Prac. Act, § 1451) under an agreement dated November 15,1957 between petitioner KreislerBorg Construction Co., Inc., and Joseph Mancowski and Robert J. Walsh, doing business under the firm name and style of Robert J. Walsh Co. Under this agreement said petitioner as contractor hired the Walsh Co. as subcontractor to do certain concrete work in connection with the construction of an elementary school for the Board of Education, Union Free District No. 5, Towns of Mt. Pleasant, North Castle and Greenburgh, Valhalla, N. Y. Said agreement provided that, “Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration in the City of New York in accordance with the Rules of the American Arbitration Association, and judgment upon the award rendered by the Arbitrator(s) may be entered in any Court having jurisdiction thereof.”
*307 Thereafter certain disputes arose with respect to the performance of this agreement, as the result of which the corporate petitioner filed with the American Arbitration Association a demand, dated May 29, 1958, for arbitration of such disputes pursuant to the foregoing arbitration clause, due notice of which was given by the American Arbitration Association to Robert J. Walsh; that notwithstanding the foregoing demand the latter commenced an action in this court against the corporate petitioner and the individual petitioner, as an officer thereof, by the service of a summons on June 10, 1958. Petitioners filed a notice of appearance on or about June 23, 1958, and were served with a complaint on or about June 25,1958; the time to answer the same was extended by stipulation to and including July 29, 1958. This proceeding was commenced by an order to show cause, dated July 24, 1958, which was served on the same date.
The complaint in the action sought to be stayed contains three causes of action. The first is to recover the sum of $4,942.23 pursuant to the afore-mentioned agreement, dated November 15, 1957. The second cause of action seeks the recovery of $3,000 for the alleged conversion by the petitioners of concrete forms, buggies, lumber, planks, wooden shanty and concrete chutes claimed to be owned by the plaintiff Walsh, which were used in the performance of said agreement; the third cause of action seeks damages in the sum of $5,000 in slander, it being alleged that the individual petitioner stated that the aforesaid property belonged to the corporate petitioner and not to the plaintiff, and that in the presence and hearing of a police officer he uttered the following false and defamatory words of and concerning the plaintiff Walsh: “ Bob Walsh does not own the property. The property belongs to the Company. He is not to take away our property ”, and that the police officer who heard these words believed that the plaintiff was attempting to steal said property from the petitioners, when it in fact belonged to him.
While the plaintiff Walsh, the respondent in this proceeding, concedes that the first cause of action for alleged breach of contract “ may be governed” by the terms of the agreement of November 15, 1957, he contends that the remaining two causes of action are not, since the parties when they agreed to arbitration contemplated only disputes involving commercial dealings between the parties and not torts.
The court is of the opinion that the first cause of action is referable to arbitration, even under the plaintiff Walsh’s construction of the arbitration clause; that since the second cause *308 of action involves title to property inextricably tied up with the contract, out of which the dispute embracing the first cause of action arose, that dispute, too, is referable to arbitration under the broad language of the arbitration clause, providing, as it does, that any controversy or claim arising out of or relating to the contract or the breach thereof shall be settled by arbitration. While the third cause of action, which is for slander, may not be said to be arbitrable under the foregoing arbitration clause, its disposition may become academic or unnecessary after the arbitrators will have decided the controversy with respect to the ownership of the property, which is the subject of the second cause of action.
Under these circumstances the court is of the opinion that all three causes of action should be stayed pending arbitration. If there be an unreasonable delay in pursuing that remedy, the plaintiff Walsh may move to vacate the stay herein granted. (Dot’s Blvd. Corp. v. Rosenfeld, 285 App. Div. 425.)
Proceed accordingly on notice.