UNITED AIRCRAFT INTERNA-
TIONAL, INC.

v.

GREENLANDAIR, INC.

Civ. No. 12874.

United States District Court
D. Connecticut.

Jan. 10, 1969.

John Crosskey, Hartford, Conn., for plaintiff.

Robert Rosensweig, Hartford, Conn., for defendant.

## RULING ON MOTION FOR PRELIMINARY INJUNCTION

BLUMENFELD, District Judge.

Petitioner, United Aircraft International, Inc., moves to permanently restrain an arbitration proceeding pursuant to a notice served upon it by the defendant and a declaration that the dispute between them is not arbitrable. Petitioner is a Delaware corporation, whose principal place of business is at Stratford, Connecticut, and the defendant is a Denmark corporation, with a principal place of business at Godthaab, Greenland, and an office at Copenhagen Airport, Kastrup, Denmark. Jurisdiction is founded on 28 U.S.C. § 1332(a)(2).

On August 24, 1964, Greenlandair, as buyer, entered into a written contract with United Aircraft International for the purchase of three helicopters, spare parts, special tools, pilot and mechanic training, and technical assistance, both at Stratford and in Greenland. Among other matters, the contract also provides in Article VIII that "[a]ny disputes arising under this Contract shall be settled and finally determined by arbitration in accordance with the applicable rules of the International Chamber of Commerce, Paris, France."

■ Following a crash of one of the helicopters sold under the contract, the defendant filed a request for arbitration of a claim under the contract for resultant damages in the amount of $550,000. Since the contract "evidences a transaction involving commerce," United States Arbitration Act, 9 U.S.C. § 2; *see* Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 401, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967), federal law applies. *See* Robert Lawrence Co. v. Devonshire Fabrics, Inc., 271 F.2d 402 (2d Cir. 1959), cert. granted, 362 U.S. 909, 80 S.Ct. 682, 4 L.Ed.2d 618 (1960), cert. dismissed, 364 U.S. 801, 81 S.Ct. 27, 5 L.Ed.2d 37 (1961).

The request for arbitration stated in part: "The accident is due to a fault and negligence of the Defendants [United Aircraft International] builders of the helicopters * * *."[1]

■ The petitioner contends that since the claim is based on negligence it is not arbitrable under the agreement, because Article II of the contract, entitled Warranties, Remedies and Limitations, provides in § II(f) that: "Buyer is left to whatever remedies it may have at law for any claim of negligence."

---

1. Notice of intention to file a claim in a letter from the defendant to the petitioner shortly after the crash put it this way: "[I]t appears that the accident was the result of defects for which you, as manufacturer, are responsible."

While ordinarily the meaning of the language in a contract under which disputes are to be arbitrated is left for determination by the arbitrator, even those concerning a time limitation, *see* Lowry & Co. v. S.S. Le Moyne D'Iberville, 253 F.Supp. 396, 399 (S.D.N.Y.1966), where the issue is whether the dispute is arbitrable at all, the question is for the court. *See* Necchi v. Necchi Sewing Machine Sales Corp., 348 F.2d 693, 696 (2d Cir. 1965), cert. denied, 383 U.S. 909, 86 S.Ct. 892, 15 L.Ed.2d 664 (1966). Only this latter question is properly before this court.

▄ Laid along side the extremely broad language, "Any dispute arising under this contract * * *," of the arbitration clause, no reference, express or implied, to § II(f) can be discerned. However, § II(f) has a plausible meaning in another context: it merely emphasizes that the limitations of the petitioner's warranties and of the extent of its liability for breaches thereof as fully set out in the preceding subsection (e) of Article II[2] were not to be regarded as limitations upon its liability for negligence. I hold that § II(f) is too ineptly worded to be regarded as a specific exception to the provision for arbitration, incorporated five pages and six articles further in the agreement.

There is nothing incongruous about permitting arbitrators to resolve a dispute over conduct for which the law provides a remedy. In Marine Transit Corp. v. Dreyfus, 284 U.S. 263, 52 S.Ct. 166, 76 L.Ed. 282 (1932), for example, a charter party under which Marine Transit provided Dreyfus with a barge to carry the latter's wheat contained a provision: "All disputes arising under this contract to be arbitrated before the Committee on Grain of the New York Produce Exchange * * *." While the barge was being towed by Marine Transit's tug, it struck a canal wall and sank. Dreyfus filed a libel in admiralty against Marine Transit *in personam* and the tug *in rem* to recover damages for the negligent loss of the wheat, and then moved in the District Court "for a reference of the dispute to arbitration in accordance with the provisions of the booking contract." The court ordered Marine Transit to submit to arbitration, and confirmed the resulting award. The Court of Appeals affirmed. On certiorari, the Supreme Court said, as to the arbitrability of the dispute under the terms of the contract:

"There is no question that the controversy between the petitioner and the respondents was within the arbitration clause of the booking contract. That provision was valid * * * and, as it related to all disputes arising under the contract, it applied to the controversy with the Marine Transit Corporation as operating owner of the tug *Gerald A. Fagan,* which was used for the agreed transportation." 284 U.S. at 269–270, 52 S.Ct. at 167.

No doubt there is a difference between the nature of an arbitration panel and a court of law, *see* Bernhardt v. Polygraphic Co. of America, Inc., 350 U.S. 198, 202–203, 76 S.Ct. 273, 100 L.Ed. 199 (1955), but parties may make a binding

2. Section II(e) provides:
  *"Limitation*
  "THE FOREGOING WARRANTIES, TOGETHER WITH THE SUPPLEMENTARY WARRANTIES PROVIDED FOR IN APPENDIX D, ATTACHED HERETO AND MADE A PART HEREOF, ARE EXCLUSIVE AND ARE GIVEN AND ACCEPTED IN LIEU OF ANY AND ALL OTHER WARRANTIES, EXPRESS OR IMPLIED, INCLUDING WITHOUT LIMITATION THE IMPLIED WARRANTY OF MERCHANTABILITY. THE REMEDIES OF THE BUYER FOR ANY BREACH OF WARRANTY SHALL BE LIMITED TO THOSE PROVIDED HEREIN TO THE EXCLUSION OF ANY AND ALL OTHER REMEDIES, INCLUDING WITHOUT LIMITATION, INCIDENTAL OR CONSEQUENTIAL DAMAGES. NO AGREEMENT VARYING OR EXTENDING THE FOREGOING WARRANTIES, REMEDIES OR THIS LIMITATION WILL BE BINDING UPON SELLER UNLESS IN WRITING, SIGNED BY A DULY AUTHORIZED OFFICER OF SELLER."

agreement to resort to the former tribunal instead of the latter, and when they do, it is inferable that they are motivated by "the basic purpose of arbitration, which is to dispose of disputes quickly and avoid the expense and delay of extended court proceedings." Saxis S.S. Co. v. Multifacs Int'l Traders, Inc., 375 F.2d 577, 582 (2d Cir. 1967). "In the commercial case, arbitration is the substitute for litigation." United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 578, 80 S. Ct. 1347, 1351, 4 L.Ed.2d 1409 (1960). Greenlandair's claim against United Aircraft International for damages resulting from the crash of the helicopter it purchased from International under a written agreement between them is arbitrable under that agreement.

Since it seems unlikely that any proceedings following an award to be made in Paris will be brought in this court, see 9 U.S.C. §§ 9 & 10; cf. Arthur Imerman Undergarment Corp. v. Local 162, ILGWU, 145 F.Supp. 14 (D.N.J.1956), there is no adequate reason to retain jurisdiction over this matter. Accordingly, the petition for an injunction and the complaint for a declaratory judgment are dismissed.

So ordered.