Dolores ANTONUCCI, on behalf of herself and all others similarly situated, Plaintiff,

v.

ROBINSON & CO., Inc., Philips, Appel & Walden, Inc., the New York Stock Exchange, Robert Robinson, James P. Denonna, Sol Tutelman, Frank Attardo, Sheldon L. Weiss, Frank Brodsky, Stuart Greenberg and John W. Kirst, Defendants.

No. 70 Civ. 3890.

United States District Court,
S. D. New York.

Oct. 6, 1970.

Rabin & Silverman, New York City, for plaintiff, I. Stephen Rabin, New York City, Michael D. DiGiovanna, New York City, of counsel.

Milbank, Tweed, Hadley & McCloy, New York City, for New York Stock Exchange, William E. Jackson, Russell E. Brooks, New York City, of counsel.

WYATT, District Judge.

This is a motion by plaintiff in two aspects: (1) for a determination that this action is to be maintained as a class action (Fed.R.Civ.P. 23(c) (1)) and (2) for a preliminary injunction "against the New York Stock Exchange" (Fed.R.Civ. P. 65).

When the motion was called on September 29, 1970, it was adjourned as to aspect (1) until October 13, 1970 but was heard as to aspect (2). The motion for a preliminary injunction must be denied.

According to the complaint, the action is brought by a customer of defendant Robinson & Co., Inc. (Robinson); defendant Philips, Appel & Walden, Inc. (Philips) and Robinson "are, or until recently were" dealers in securities and members of the New York Stock Exchange (the Exchange); Philips acquired assets of Robinson in July 1970 and plaintiff's account with Robinson was transferred to Philips; since August 25, 1970, the account of plaintiff has been "frozen" and plaintiff has not been able to secure her securities or

cash; Robinson and Philips have converted securities of plaintiff by unlawfully hypothecating them; the Exchange has represented to plaintiff that she will not suffer any damage on account of her dealings with Robinson because a trust fund set up by the Exchange was adequate to protect investors; in reliance on the Exchange representations plaintiff transferred her account to Philips; the Exchange has now disclaimed responsibility for losses of customers of Philips and Robinson; and that the Exchange negligently supervised Robinson by allowing it to do the acts alleged as damaging to plaintiff. Judgment is demanded "in the total amount of the claims, proved and established by all members of the class, together with * * *" etc. and "for specific performance, where applicable, with respect to securities owned by plaintiff and members of the class * * *".

Jurisdiction is asserted under the Securities Exchange Act of 1934 (15 U.S.C. § 78a and following), specifically Section 27 thereof (15 U.S.C. § 78aa).

A preliminary injunction is sought "prohibiting payments to be made from the Exchange's Special Trust Fund for the customers of financially distressed member firms until the right of plaintiff and the other customers of Robinson & Co., Inc. to the assets of said Fund are determined".

The Exchange is an unincorporated association and a registered national securities exchange under the Act cited above (15 U.S.C. § 78f).

It appears that under the Constitution of the Exchange a "Special Trust Fund" (the Fund) has been established. The terms of this Fund appear as Article XIX of the Constitution of the Exchange. This Article XIX appears at pages 1107–1108 of Volume 2 of the "New York Stock Exchange Guide—official organ of the New York Stock Exchange—Published for the New York Stock Exchange by Commerce Clearing House, Inc." While the "central purpose" of this Guide is to provide information for Exchange Members, Allied Members and Registered Representatives, it is evidently sold by the publisher to the public and is available to the public for its information.

According to Article XIX, the Board of Governors of the Exchange was authorized to establish a *trust,* to be called "Special Trust Fund". The trustees are the Governors of the Exchange. The principal of the trust is to be the contributions made by the Exchange and the net income from the principal. The trust assets are to be used for assistance to customers of member firms "threatened with loss * * * because such * * * member firm * * * in the opinion of the Trustees * * * is insolvent or is in such financial condition that * * * it may be unable without assistance to meet * * * its obligations to such customers * * *". It is provided that the trust assets "shall be used only to the extent, if any, and in the manner determined by the Trustees * * *". It is further provided that whether expenditures from the trust fund shall be made in any particular case is "exclusively within the sole and absolute discretion of the Trustees * * *". It is also provided that no member of the Exchange, no customer of any member, and no other person shall have any claim "as a result of any action taken or the failure to act by the Trustees in the exercise of their discretion". A deed of trust is provided for and while the details are not made to appear, presumably the trust has been formally established by deed of trust.

Evidently for the benefit of this particular trust, the legislature of New York amended the personal property law so that such a trust is not subject to usual laws against perpetuities but may continue "for such time as may be necessary to accomplish the purposes for which such trust was created" (Laws of New York, 1965, Chapter 401). A footnote in the Guide states that the legislative amendment "provides, in effect, that the Special Trust Fund may exist in perpetuity".

It appears that Robinson ceased to be a member of the Exchange on July 24, 1970, when its membership was transferred to Philips along with other assets then acquired by Philips. This was about a month before the freezing on August 25, 1970 of the account of plaintiff and about which she complains. It is said for the Exchange that customers of Robinson are "ineligible for Fund assistance", presumably because Robinson was not a member when the account of plaintiff was "frozen"; concededly the Trustees have not in fact provided any assistance for plaintiff or other Robinson customers.

There are a number of reasons why the motion is without merit, any one of which would require denial of a preliminary injunction.

This is not even an action for an injunction nor an equitable action in any sense. It is familiar learning that injunction was a creation of equity for a suitor who did not have an adequate remedy at law, that is, in the law courts which could give money damages, issue writs of replevin and the like. While the equity and law sides are now combined, one who seeks an injunction must show that he has no adequate remedy by way of money damages or other "legal" relief. There are no such averments in the complaint here nor is a permanent injunction one of the objects of the action. No preliminary injunction ought to issue in such a situation.

Any injunction such as plaintiff asks could only be effective if directed to the Trustees of the trust. These trustees are not parties to the action and no claim against them is attempted to be stated in the complaint. No notice of the application was given to the Trustees.

There is no showing of any irreparable injury absent an injunction. Plaintiff seeks money damages and a return of securities. There is no showing that a judgment against the Exchange could not be collected.

There is no showing that plaintiff will prevail in the action, so far as establishing an interest in the trust assets. On the contrary, the terms of the trust as publicly reported show that neither she nor any other customer of any Exchange member has or will have any interest in the trust. This Court cannot rewrite the trust instrument. The trust was set up with specific provisions vesting any expenditure of trust assets in the sole discretion of the Trustees. This is within the power of the creator of a trust.

In reaching these conclusions, consideration has been given to the reply affidavit and supplemental memorandum of law filed for plaintiff yesterday.

There are no relevant and material issues of fact on this motion which would require or suggest the taking of evidence.

The foregoing contains the findings of fact and conclusions of law required by Fed.R.Civ.P. 52(a).

The motion must be and is denied.

So ordered.