Walter ISAACSON, Plaintiff,

v.

HAYDEN, STONE INCORPORATED,
Defendant.

No. 70 Civ. 3641.

United States District Court,
S. D. New York.

Dec. 21, 1970.

Strasser, Spiegelberg, Fried & Frank,
New York City, for plaintiff; by Matthew Gluck, New York City, of counsel.

Chadbourne, Parke, Whiteside &
Wolff, New York City, for defendant;
by Charles H. Harff, Edward C. McLean
and Donald I. Strauber, New York City,
of counsel.

POLLACK, District Judge:

Defendant moves to compel plaintiff to submit this controversy to arbitration and for a stay meanwhile of this action.

Plaintiff, while an allied member of the New York Stock Exchange, acquired shares of stock in the defendant, a member of the New York Stock Exchange. Plaintiff served as a Vice-President and as Treasurer of defendant from August, 1966 until October 13, 1969, when he resigned. He also served as a member of defendant's Board of Directors and Executive Committee. He purchased the share interest in defendant which is the basis of this suit, while he was an officer of defendant.

In this suit plaintiff seeks to enforce certain obligations of the defendant to repurchase plaintiff's interest in defendant, pursuant to the terms of defendant's charter. Plaintiff resigned his office in defendant on October 13, 1969, and simultaneously served notice in writing that the defendant should repurchase the shares of defendant's stock that he owned.

The charter provided for a six months' waiting period after receipt of such notice before the corporation was required to purchase and pay for the stock of a withdrawing holder.

An agreement, effective as between the parties, and at the instance of either, required that as members of the Exchange any controversy between them should be arbitrated in accordance with the provisions of the Constitution of the Exchange and the rules of its Board of Governors.

The controversy in this suit arises out of and relates directly to defendant's

business as a member of the New York Stock Exchange and defendant's obligations to public customers and others in relation to its obligation to plaintiff. It will have to be determined what consideration is to be paid by the defendant corporation, the conditions, if any, under which the defendant's obligations may be postponed and other matters.

Defendant's membership in the Exchange ceased on September 11, 1970. Its business presently consists of selling its remaining assets and repaying its liabilities. Those liabilities involve questions as to subordinated lenders, viz., holders of Senior Preferred Stock.

The plaintiff contends that the controversy that is the subject of this action did not arise while plaintiff was an allied member of the Exchange and consequently he is not subject to the arbitration requirements for members of the Exchange. Plaintiff contends that the controversy first arose and could not arise earlier than six months after he had ceased to be an Exchange member. This date is selected as being the earliest time that defendant's obligation of repurchase arose under the provisions of the Charter.

However, the controversy flows from and is predicated upon the business relationship between the parties which arose during their mutual membership in the Exchange. If the obligation then undertaken by the defendant persists for the purpose of enforcement after termination of those memberships, it also persists as a membership obligation subject to the Constitution of the Exchange. Osborne & Thurlow v. Hirsch & Co., 10 Misc.2d 225, 226, 172 N.Y.S.2d 522, 523 (S.Ct.N.Y.County 1958). The fact that the plaintiff commenced this action after he ceased to be a member of the Exchange does not impair or destroy the obligation to arbitrate his controversies with the defendant concerning their business relationship assumed by him while he was a member of the Exchange. In re Sartorius, 265 App.Div. 997, 39 N.Y.S.2d 996 (1st Dept.1943), aff'g Shientag J. in 107 N.Y.L.J., 1385 (S.Ct.N.Y. County 1942).

The motion to compel the plaintiff to submit the controversy herein to arbitration in accordance with the provisions of the Constitution of the New York Stock Exchange and with the rules of its Board of Governors, is granted and such submission is hereby directed.

Pending the completion of such arbitration, this action is in all respects, stayed.

So ordered.