**Walter ISAACSON, Plaintiff,**

v.

**HAYDEN, STONE INCORPORATED, Defendant.**

**No. 70 Civ. 3641.**

United States District Court, S. D. New York.

June 13, 1973.

Fried, Frank, Harris, Shriver & Jacobson, New York City, for plaintiff; by Robert E. Juceam, New York City, of counsel.

Chadbourne, Parke, Whiteside & Wolff, New York City, for defendant; by Donald I. Strauber, and Steven B. Lapin, New York City, of counsel.

## MEMORANDUM

POLLACK, District Judge.

Plaintiff has moved for an order dissolving a stay of this action entered by this Court on December 21, 1970 and vacating a decision of the arbitrators following arbitration before a panel selected under rules of the New York Stock Exchange. Defendant has cross-moved for an order confirming the arbitrators' decision dismissing plaintiff's claim. For the reasons which follow, plaintiff's motion is denied. The cross motion is granted and the instant action is dis-

missed on the arbitrators' award in favor of the defendant.

Plaintiff, a stockholder and former officer of the defendant, brought this action seeking damages for the defendant's failure to repurchase plaintiff's stock as allegedly required by the terms of the defendant's certificate of incorporation. Defendant moved to compel arbitration and for a stay of the pending action in the meanwhile. Plaintiff had agreed to submit disputes to arbitration pursuant to the Constitution and Rules of The New York Stock Exchange when he chose to become an allied member of the Exchange in 1966. On December 21, 1970 this Court ordered the parties to proceed to such arbitration and the instant action was meanwhile stayed. 319 F.Supp. 929 (S.D.N.Y.1970).

On June 4, 1971, plaintiff moved to vacate the stay based on a premature claim of inherent bias on the part of arbitrators not yet selected in relation to arbitration not yet held.

Subsequently, arbitration was had and plaintiff's claim was in all respects dismissed by the arbitrator's Award.

Plaintiff now seeks to set aside the arbitration and the Award, alleging the existence of dealings between the arbitrators and the defendant, outside the regular course of dealings of members of the New York Stock Exchange. The factual predicate for this attack arises out of the existence, operations, and composition of the New York Stock Exchange Special Trust Fund (the "Fund").

■ The Fund was established by Deed of Trust dated July 30, 1964. It is a separate legal entity from the New York Stock Exchange; *see* Antonucci v. Robinson & Co., 317 F.Supp. 668 (S.D. N.Y.1970) (Wyatt, J.). The principal of the Fund consists of contributions made thereto by the Exchange as authorized from time to time by the Board of Directors thereof. NYSE Constitution, art. XIX, § 1. The Fund was set up in response to the situation created by the failure of Ira Haupt & Co., a former member firm; its purpose was to provide direct or indirect assistance to customers of a member firm threatened with loss of their money or securities due to the imminent insolvency or other financial difficulty of member firms. *Id.*

In 1970, the defendant herein encountered substantial financial difficulties, and the Fund rendered assistance in the form of a five million dollar loan which was later that same year exchanged for defendant's senior preferred stock in a like face amount. Furthermore, the Fund purchased certain receivables and other assets of the defendant for six million dollars in connection with the sale of the bulk of the defendant's assets to Cogan, Berlind, Weill & Levitt, Inc. Other minor transactions of like nature also took place.

From the occurrence of these transactions plaintiff constructs the argument that (1), the Fund has a substantial financial interest in the defendant; (2), the members and allied members of the Exchange are the contributors to the Fund; (3) it is these same members and allied members whose partners and officers constitute the Panel of Arbitrators; and thus (4), the arbitrators were and are the same persons who directly or indirectly have a financial interest in the affairs of the defendant.

■ Plaintiff's argument overlooks the fact that the Fund and the Exchange are separate and independent legal entities. *See* Antonucci v. Robinson & Co., *supra.* However, even if we were to assume, *arguendo*, the identity of relationship which plaintiff appears to posit, prevailing case law in this Circuit nevertheless is adverse to plaintiff's contentions.

■ The Supreme Court in Commonwealth Coatings Corp. v. Continental Casualty Co., 393 U.S. 145, 89 S.Ct. 337, 21 L.Ed.2d 301 (1968), enunciated a standard of impartiality required of arbitrators: in order to avoid even the appearance of bias, they must disclose any non-trivial dealings with one party

which are not known to the other party. The Second Circuit has stated that a necessary corollary to this rule is that, once disclosure has been made, the arbitrator may be challenged for cause if the dealings are non-trivial. The Court of Appeals further stated that the obverse of this last proposition is that when such challenges are waived in advance by the parties as to certain transactions, arbitrators are not required to disclose participation in such transactions. Garfield & Co. v. Wiest, 432 F.2d 849, 853 (2d Cir. 1970), cert. denied, 401 U.S. 940, 91 S.Ct. 939, 28 L.Ed.2d 220 (1971). *A fortiori,* where such challenges are waived in advance, they are not grounds for vacation of an award.

In Garfield & Co. v. Wiest, *supra,* the Court of Appeals affirmed the District Court's entry of judgment on the award of the arbitrators on the ground that, in the context of Exchange arbitration, the particular type of transactions to which the appellant objected were not required to be disclosed, as such objections had been waived in advance by appellant and all other members of the Exchange. The Court of Appeals was careful to spell out just what it was and was not holding in *Garfield*:

> [W]e wish to emphasize that we do not hold that Exchange arbitration is exempt from the holding in *Commonwealth Coatings* insofar as an arbitrator is required to disclose any dealings he may have had with a party, which were dealings *not* in the ordinary course of Exchange business. . . . In this opinion we are only holding that, when parties have agreed to arbitration with full awareness that there will have been certain, almost necessary, dealings between a potential arbitrator and one of the opposing parties, disclosure of these dealings is not required by *Commonwealth Coatings* inasmuch as the parties are deemed to have waived any objections based on these dealings.

The plaintiff herein seeks to show that the dealings between the Fund (and, under our assumption, the Exchange) and Hayden, Stone were not in the ordinary course of Exchange business as that term is used in *Garfield, supra.* To reach such a conclusion would require a restrictive reading for which there is no requirement in *Garfield.* The activities of the Fund *vis a vis* Hayden, Stone are on their face clearly within the ambit of the regular course of business of the Fund. *See* NYSE Constitution, art. XIX. As such, they are within the regular course of business of the Exchange as well, whether or not we assume an identity between the Fund and the Exchange, in that they are a necessary and proper part of the operation, administration, and supervision of the securities markets, with which the Exchange is charged. What is sought to be excluded by the use of the phrase "ordinary course of business" is dealings which are illegal or *ultra vires*; the phrase was never meant to be read so narrowly as to include only brokerage transactions executed on the Exchange floor. Rather, it is broad enough to encompass all the necessary and proper functions of the Exchange and its adjuncts in the day-to-day execution of their supervisory and regulatory duties.

■ The other points raised by plaintiff do not in any way support his motion. The claim of bias arising out of the testimony before the arbitrators by the former President of defendant, who is now an employee of the same firm of which the Chairman of the panel is an officer, was expressly withdrawn at oral argument of this motion; in any event, it is without merit. Any bias alleged to be manifested by the incorrect result said to have emerged from the arbitration would appear to be beyond the reach of this Court to review. *See* Sobel v. Hertz, Warner & Co., 469 F.2d 1211 (2d Cir. 1972).

Accordingly, the motions to vacate the stay, vacate the decision of the arbitrators, and direct the parties to proceed in the instant action are in all respects denied. The cross motion to enter judg-

ment on the award in favor of the defendant and dismiss the action is hereby granted.

So ordered.