■ In the Matter of the Arbitration between ST. REGIS NURSING HOME AND HEALTH RELATED FACILITY, Appellant, and WALTER J. BUTLER, as President of Service Employees International Union, Local 200, AFL-CIO, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered January 29, 1979 in St. Lawrence County, which denied petitioner's application to stay arbitration and granted respondent's cross petition to compel arbitration. Following its dismissal of a nurse's aide, petitioner instituted this proceeding to stay arbitration of the matter on the ground it had not agreed to do so in the collective bargaining agreement with her union, the respondent herein (see CPLR 7503, subd [b]). The basis for its application was a contract term providing that "During the first forty-five (45) working days of employment, all employees shall be considered as probationary employees and may be terminated by the employer and such termination shall not be subject to the grievance and arbitration provisions of this Agreement." Petitioner maintained the employee had commenced a new probationary term when she began part-time employment and that she had not completed 45 working days before she was discharged. Respondent disagreed and cross-petitioned to compel arbitration. Its position was that the employee's prior full-time work had satisfied the period of probation and, in any event, that she had in fact worked over 45 days after assuming such part-time duties. In denying relief to petitioner and granting the cross petition, Special Term ruled that it was for the arbitrator to resolve this threshold issue. We agree. Since the parties have generally agreed to submit their disputes to arbitration, any given controversy will fall within the scope of the arbitration clause unless an intent to exclude a particular subject therefrom is manifest (cf. *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.],* 42 NY2d 509; *Matter of Long Is. Lbr. Co. [Martin],* 15 NY2d 380, 385). The quoted material offered as an exclusion here does not precisely identify "probationary employees" because it does not define "first * * * employment." Moreover, there is a sharp conflict over the number of days actually worked by the involved employee. The exact meaning and factual applicability of the provision is far from certain and, therefore, we conclude that the question of arbitrability should be left for the arbitrator to decide. Judgment affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Main and Herlihy, JJ., concur.