■ In the Matter of the Arbitration between LITCHFIELD FABRICS, INC., Respondent, and ROSEWOOD FABRICS, INC., Appellant. — Judgment, Supreme Court, New York County, entered on June 13, 1980, affirmed on the decision of Gabel, J., at Special Term. Petitioner-respondent shall recover of respondent-appellant $50 costs and disbursements of this appeal. Concur — Murphy, P. J., Ross, Bloom and Carro, JJ.

Fein, J., dissents in a memorandum as follows: This is a proceeding to stay arbitration of asserted claims arising out of a contractual relationship. Special Term granted the stay "forever". I would reverse that judgment and deny the petition to stay arbitration. Four contracts between the parties for the procurement and supply of knitted fabrics contained broad arbitration clauses providing for settlement by arbitration of "Any controversy or claim arising out of or relating to this contract, any interpretation thereof or breach thereof". In its amended demand for arbitration, respondent Rosewood Fabrics asserted that its confidential price lists, customer lists and special customer requirements, to which petitioner, as supplier, had become privy by reason of the contractual relationship, were used by petitioner, over Rosewood's protest, to compete unfairly with Rosewood for the continued business of those customers. In making these competitive overtures to Rosewood's customers, petitioner allegedly slandered Rosewood by falsely depicting the latter's financial situation and ability to continue supplying merchandise. Rosewood further alleged petitioner's misappropriation of the proprietary color range and proprietary color names and style numbers for its own use, and subsequent sale of products incorporating this data directly to Rosewood's customers, among others. The majority, affirming on the decision of Justice Gabel at Special Term, agrees with petitioner that notwithstanding the broad arbitration agreement, it never agreed to arbitrate claims of tort which bear no nexus to the subject matter of the contracts. But this ignores the expressed intention of the parties to arbitrate all claims and controversies stemming from the contractual relationship. The nature of the alleged actions by petitioner is particularly derived from the contractual relationship between the parties. Indeed, without the contracts there would have been no such relationship. The information and material allegedly utilized by petitioner to damage Rosewood were obtained by virtue of the contracts. Since the contracts formed the basis of the relationship, a claim founded upon that relationship should normally be arbitrable *(Petroleum Helicopters v Boeing-Vertol Co.,* 478 F Supp 84, 86, affd 606 F2d 114). Where parties have generally agreed to submit their disputes to arbitration, any given controversy will fall within the scope of the arbitration clause, absent a manifest intent to exclude a particular subject therefrom *(Matter of St. Regis Nursing Home & Health Related Facility [Butler],* 72 AD2d 864).

Regardless of the nature of the action, if the dispute arises out of or is related in any manner to the agreement providing for arbitration, it is referable to arbitration *(Joyce Research & Dev. Corp. v Equi-Flow Div. of Vibro Mfg. Co.,* 31 Misc 2d 952, affd 15 AD2d 821, mot for lv to app dsmd 11 NY2d 1011). In that case the claim was in tort for replevin of books and records of corporations not parties to the agreement, but to which the parties were privy. Liability for tort is not usually an arbitrable issue, since events of a tortious character are usually unforeseen, and thus cannot have been contemplated at the time of the drafting of the agreement to arbitrate. "However, tort issues may arise in connection with the performance of obligations under a contract providing for arbitration, and not from conduct independent of the contract. * * * In New York the tort liability of a contractor for alleged conversion of building materials from his subcontractor has been held arbitrable". (Domke, Law & Practice of Commercial Arbitration, § 13.08, citing *Matter of Kreisler-Borg Constr. Co. v Walsh,* 13 Misc 2d 306.) Thus this court has held arbitrable a contractor's claim for "damage to reputation" where the usual broad arbitration clause was contained in a construction contract *(Matter of American Airlines [Licon Assoc.—American Arbitration Assn.],* 56 AD2d 774). Damage to reputation is a tort claim. The arbitration clause was similar to our case. (See, also, *Menaker v Padover,* 75 AD2d 807.) Where one party to a contract allegedly conspires to destroy the business of the other, the tort claim of conspiracy has been held arbitrable, along with the breach of contract claim, under a broad arbitration clause as we have before us, as long as it appears that the tort action is based in substantial part on claims arising out of the contractual relationship *(Altshul Stern & Co. v Mitsui Bussan Kaisha, Ltd.,* 385 F2d 158; *Legg, Mason & Co. v Mackall & Coe,* 351 F Supp 1367; *Robinson v Bache & Co.,* 227 F Supp 456 [negligence in giving advice respecting commodity trading]; *Saucy Susan Prods. v Allied Old English,* 200 F Supp 724 [trademark infringement]). As long as the dispute in such circumstances is "contract-generated or contract-related", it is immaterial whether the claims are labeled in contract or in tort *(Acevedo Maldonado v PPG Inds.,* 514 F2d 614, 616). In *Altshul Stern & Co. v Mitsui Bussan Kaisha, Ltd. (supra),* among the claims held arbitrable which were similar to those asserted here were allegations that the defendant had diverted goods and materials to other customers and appropriated the plaintiff's designs and patterns. In *Legg, Mason & Co. v Mackall & Coe (supra),* a member of the New York Stock Exchange sued four former employees for alleged misconduct in establishing a competing business and attempting to take clients away by use of stolen materials and by disparaging and defaming the plaintiff's service. The court there granted the defendant's motion to stay the litigation pending arbitration, holding that what sounded like a common-law business tort was sufficiently related to the contractual relationship between the parties to bring it within the broad arbitration rules of the Stock Exchange. The court cited *Osborne & Thurlow v Hirsch & Co.* (10 Misc 2d 225), which had held a claim for libel respecting the financial condition of the plaintiff to be a controversy within the Stock Exchange provisions for arbitration. There, as here, the arbitration clause provided for arbitration of "any controversy". As Justice Steuer aptly noted (p 226), "A 'controversy' is any difference which can be the subject of a suit at law or equity". Where an alleged tort arises out of a contractual relationship between parties calling for arbitration of "all controversies", there is "nothing incongruous about permitting arbitrators to resolve a dispute over conduct for which the law [also] provides a remedy." *(United Aircraft Int. v Greenlandair, Inc.,* 298 F Supp 1329, 1331, affd 410 F2d 761.) There the contract was for the purchase of three helicopters, spare parts and tools, and for pilot and mechani-

cal training and technical assistance. One of the helicopters crashed. The claim for resultant damages was held arbitrable. In a California case applying New York law, where the issue was negligence of a broker in giving investment advice to a customer, it was stated: "The phrase 'any controversy * * * arising out of or relating to this contract * * *' is certainly broad enough to embrace tort as well as contractual liabilities so long as they have their roots in the relationship between the parties which was created by the contract." *(Berman v Dean Witter & Co.,* 44 Cal App 3d 999, 1003.) This principle has been applied in cases of alleged intentionally tortious libel, fraud and misrepresentation arising out of an employment relationship *(Lewsadder v Mitchum, Jones & Templeton,* 36 Cal App 3d 255, citing *Osborne & Thurlow v Hirsch & Co., supra)* and alleged defamation arising out of a business relationship *(Waddell v Shriber,* 238 Pa Super Ct 241). As in all of those cases, the claims here asserted "have their roots in the relationship between the parties which was created by the contract."