Cheryl COUDERT, Plaintiff,

v.

PAINE WEBBER JACKSON & CURTIS, Defendant.

Civ. A. No. B–81–582.

United States District Court, D. Connecticut.

April 27, 1982.

Alan Neigher, Westport, Conn., for plaintiff.

Louis B. Blumenfeld, Cooney Scully & Dowling, Hartford, Conn., for defendant.

MEMORANDUM OF DECISION

ZAMPANO, District Judge.

The sole issue raised by defendant's motion to stay and to dismiss is whether the parties are compelled to arbitrate their dispute under the rules of the New York Stock Exchange ("the Exchange").

I

The complaint alleges that the plaintiff, Cheryl Coudert, was employed for 11 years as an account executive by the defendant, Paine Webber Jackson & Curtis ("Paine

volve a federal grant and, therefore, does not involve federal law. *See* 50 Washington L.Rev. 777 (1975).

Webber"). During these years she contends she established a valuable clientele and earned a reputation as an able, respected investment adviser. Following her voluntary resignation from Paine Webber on August 24, 1981, she asserts that the company in oral and written communications indicated to other brokers and to clients that she had been fired and had left her employment under "clouded circumstances." As a result, she commenced the instant action, seeking compensatory and punitive damages for defamation, tortious invasion of privacy, and intentional infliction of emotional distress.

The defendant, in response, demanded in writing that the plaintiff submit her claim to arbitration and, upon her refusal, now moves for this Court to stay or to dismiss these proceedings pending the exhaustion of administrative remedies.

## II

Rule 347, New York Stock Exchange Guide ¶ 2347, provides:

Any controversy between a registered representative and any member or member organization arising out of the employment or termination of employment of such registered representative by and with such member or member organization shall be settled by arbitration, at the instance of any such party, in accordance with the arbitration procedure prescribed elsewhere in these rules.

It is not disputed that Paine Webber, as a member organization of the Exchange, and the plaintiff, as a registered representative of the Exchange, are bound to arbitrate any dispute between them which is within the parameters of the clause. *Coenen v. R. W. Pressprich & Co.*, 453 F.2d 1209, 1211–12 (2 Cir.), cert. denied, 406 U.S. 949, 92 S.Ct. 2045, 32 L.Ed.2d 337 (1972); *Axelrod & Co. v. Kordich, Victor & Neufeld*, 451 F.2d 838, 840–41 (2 Cir. 1971). See also *Silver v. New York Stock Exchange*, 373 U.S. 341, 349–57, 83 S.Ct. 1246, 1252–57, 10 L.Ed.2d 389 (1963).

The plaintiff argues, however, that this suit is based on a series of acts committed by Paine Webber subsequent to her resignation, and therefore the controversy is not one that "arises out of [her] employment or termination of [her] employment." The Court disagrees. The arbitration provision here is very broad and, in line with federal policy, must be construed to cover the parties' dispute over their employment relationship unless it may be said "with positive assurance" that the clause is not applicable. *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409 (1960); *Metro Industrial Painting Corp. v. Terminal Construction Co.*, 287 F.2d 382, 385 (2 Cir.), cert. denied, 368 U.S. 817, 82 S.Ct. 31, 7 L.Ed.2d 24 (1961).

The gravamen of the plaintiff's complaint involves the truth or falsity of defendant's alleged representations, not the *dates* these representations were published. The underlying factual issues concern the plaintiff's professional competence and the reasons for her disassociation from Paine Webber. Obviously the evidence will involve to a substantial degree matters which arose during the course of her employment and which reflect directly on the employer-employee relationship between the parties. Thus it seems clear that there exists a controversy which flows from and is predicated upon the plaintiff's employment and termination of employment within the meaning and intent of the arbitration clause in question. See *O'Neel v. National Ass'n of Securities Dealers, Inc.*, 667 F.2d 804, 806 (9 Cir. 1982); *Muh v. Newburger, Loeb & Co.*, 540 F.2d 970, 972–73 (9 Cir. 1976); *Isaacson v. Hayden, Stone, Inc.*, 319 F.Supp. 929, 930 (S.D.N.Y.1970).

Accordingly, the defendant's motion to dismiss is granted, without prejudice.