Sy-Jo Luncheonette, Inc., et al., Respondents, v. Marsav Distributors, Inc., et al., Defendants, and Joe Raymond et al., Appellants.

*Per Curiam.* A reading of the record including the documentary evidence indicates that the quality of defendants' proof was superior to that of plaintiffs' on their claim that plaintiffs relied on oral representations as to weekly income of the luncheonette in question. The documentary proof also tends to destroy plaintiffs' contentions. Plaintiffs, seeking rescission, failed to sustain the burden of proof resting on them of proving fraudulent representations *relied* on by them in the purchase of the luncheonette.

The proof establishes that plaintiffs made, on their own behalf, an independent investigation of the business. Plaintiffs entered into this contract deliberately after many visits to the store including, as the trial court found, an investigation of two weeks prior to the closing " independently of the sellers." In the second of such weeks, they were in the store watching its operation for a so-called trial week before the sale. They did not rely on the alleged oral misrepresentations.

The record establishes that plaintiffs discovered the alleged fraud within the first week after the purchase of the business on November 1, 1950, but did not send notice of election to rescind until February 3, 1951. In rescission, predicated upon claimed fraud, the right to rescind must be exercised promptly on its discovery (Restatement, Torts, § 547, subd. [1]). Even assuming any basis for rescission, the rescission in this case was not timely made. Plaintiffs continued to operate the business for two months after they claimed to have learned the alleged oral representations were false; they also inaugurated new policies as to prices, etc.; and the record sufficiently indicates that plaintiffs' method of operating the business after the sale was a contributing factor to the claimed decline in gross receipts.

The trial court properly found that the Landerton Company was an innocent purchaser for value of the promissory notes and chattel mortgage and also properly found as a fact that Wellington, who with his wife was a co-owner of the Landerton Company, was innocent of any knowledge of any of the alleged fraudulent representations. Accordingly, in any event, rescission could not be decreed against that appellant, Landerton Company, Inc.

There were other errors on which we need not comment.

The judgment appealed from should be reversed, with costs, and the complaint dismissed, with costs. Findings and conclusions inconsistent with this opinion should be reversed and contrary findings and conclusions made. Settle order.

Peck, P. J. (concurring). I concur for reversal and dismissal on the ground that plaintiffs failed to sustain the burden of proving that the alleged fraudulent representations were relied on by them.

Glennon, Dore and Cohn, JJ., concur in *Per Curiam* opinion; Peck, P. J., concurs to reverse and dismiss, in an opinion in which Van Voorhis, J., concurs.

Judgment unanimously reversed, with costs, and judgment is directed to be entered herein dismissing the complaint, with costs. Settle order on notice reversing findings and conclusions inconsistent with this determination and containing such new findings and conclusions as are necessary. [See *post*, p. 772.]