HERBERT TOMOSER, Respondent and Appellant, *v.* DANIEL KAMPHAUSEN et al., Appellants and Respondents, et al., Defendants.

Argued April 6, 1954; decided July 14, 1954.

*Louis N. Blatt* for respondent-appellant.

*Edward H. Kavinoky* for appellants-respondents.

*Per Curiam.* This action was commenced to (1) rescind a transfer of stock to defendant Kamphausen in violation of the terms of a restrictive agreement entered into by the original individual shareholders of the Twentieth Century Valve Corporation, Inc., (2) rescind a stock issuance and a voting trust agreement and permit plaintiff to recover the shares involved

in those agreements to which he had surrendered his preemptive rights, and (3) recover money damages caused by the allegedly fraudulent misrepresentations of the defendant Kamphausen. Originally there were two other causes of action, but they were dismissed by the Supreme Court and they are not involved on this appeal.

In the Supreme Court, plaintiff was granted (1) the relief requested in the first cause of action and was permitted to purchase those shares which Kamphausen had obtained in violation of the restrictive agreement, (2) he was permitted to purchase his prorata share of the stock involved in the second cause of action dealing with the stock issuance and voting trust agreements, and (3) he was awarded $25,000 damages on the fifth cause of action which was based on the allegedly fraudulent statements of Kamphausen.

The Appellate Division modified the judgment of the Supreme Court by reversing so much of that judgment as found that Kamphausen had induced Tomoser to continue to render services to the Twentieth Century Valve Corporation, Inc., and by reversing the award of money damages, although it affirmed the findings of fraudulent misstatements. In all other respects the Appellate Division affirmed.

We agree with both courts below as to the rescission of the purchase of stock made by Kamphausen in violation of the restrictive agreement among Tomoser and two fellow stockholders. However section 176 of the Personal Property Law may be read, it does not affect the rule that one may not purchase and obtain good title to stock in a corporation when one knows of equities in another stockholder affecting such purchased stock. (2 Pomeroy on Equity Jurisprudence [5th ed.], § 688, pp. 950–953.)

We disagree with the conclusions of the courts below that Tomoser was misled by fraudulent misrepresentations of material facts, for the reason that in this case there was, as a matter of law, no evidence presented of false representations of material facts, and accordingly there was no basis for either rescission or for monetary damages (cf. *Adams* v. *Clark*, 239 N. Y. 403; *Adams* v. *Gillig*, 199 N. Y. 314). Moreover, even had there been misrepresentations of fact, there was such long delay by the plaintiff after learning of the alleged fraud, and thereafter acceptance by him of benefits from the Twentieth

Century Valve Corporation, Inc., as a result of the agreements reached in the fall of 1948 that rescission should have been denied as a matter of law. (Cf. *New York Tel. Co.* v. *Jamestown Tel. Corp.*, 282 N. Y. 365, 372–373; *Brennan* v. *National Equitable Investment Co.*, 247 N. Y. 486, 489; *Gravenhorst* v. *Zimmerman*, 236 N. Y. 22, 38; *Sy-Jo Luncheonette* v. *Marsav Distributors*, 279 App. Div. 715, affd. 304 N. Y. 747.)

The judgment of the Appellate Division should be modified insofar as it grants relief to plaintiff on the second and fifth causes of action and those causes of action dismissed, and, as so modified, affirmed, with one bill of costs in this court in favor of defendants Twentieth Century Valve Corporation, Inc., Kamphausen and Stewart.

LEWIS, Ch. J., CONWAY, DESMOND, DYE, FULD, FROESSEL and VAN VOORHIS, JJ., concur.

Judgment accordingly.