■ In the Matter of the Arbitration between AMERICAN AIRLINES, INC., Appellant, and LICON ASSOCIATES, INC., Respondent. AMERICAN ARBITRATION ASSOCIATION, INC., Respondent.—Judgment, Supreme Court, New York County, entered October 5, 1976, unanimously affirmed. Respondent-respondent shall recover of petitioner-appellant $40 costs and disbursements of this appeal. Petitioner-appellant American Airlines, Inc., seeks to stay arbitration sought under the broad arbitration clause contained in the usual American Institute of Architects "General Conditions" annexed to the construction contract between the parties. The procedure provided calls for submission of the claim to the job's architect in the first instance, actual demand for arbitration not to be made until the earlier happening of either the architect's determination of the claim or the expiration of 10 days following presentation of the claimant's evidence or a reasonable opportunity to present it. There is no dispute that respondent-respondent initiated the chain of events by a claim letter to the architect stating the claim and specifically that the letter contained all the evidence that the claimant would present. More than 10 days thereafter the architect stated in writing that not enough evidence had been presented. This constituted a ruling of rejection of the claim and, by any reading of the conditions, completed full compliance with the conditions precedent. The demand for arbitration was therefore properly made. It is further argued that the contractor's second claim in arbitration for damage to reputation should be stricken as not being arbitrable. This is refuted by the clause itself which includes "all claims, disputes and other matters in question arising out of, or relating to this Contract or the breach thereof." By reason of this affirmance on the merits, it is not necessary for us to reach respondent-respondent's argument that, in any event, petitioner-appellant's application to stay is barred by the

---

time limitation contained in CPLR 7503 (subd [c]). Concur—Kupferman, J. P., Birns, Capozzoli and Markewich, JJ.