■ RANSFORD D. TRIGGS, Respondent, v DAVID W. TRIGGS, as Executor of Frederick Triggs, Sr., Deceased, Appellant, et al., Defendant.—Judgment, Supreme Court, New York County, entered on May 27, 1977, so far as appealed from, affirmed on the opinion of Nusbaum, J. Respondent shall recover of appellant $60 costs and disbursements of this appeal. Concur—Fein, Lane and Sandler, JJ.; Lupiano, J. P., and Markewich, J., dissent in

the following memorandum by Lupiano, J. P. Decedent Fred Triggs, Sr., and his three sons, Ransford, David and Fred, Jr., were stockholders in the Triggs Color Printing Corporation. Of the 254 class A voting shares, Fred, Sr., held 113, Ransford 71, David and Fred, Jr., 35 each. On March 19, 1963, Fred, Sr., and Ransford entered into a stockholders' agreement which pertinently provided as follows: "Fourth: It is the present contemplation of Frederick Triggs, Sr. to execute an agreement with the Corporation for the Corporation to repurchase his stock in the event of his death. In the event for any reason that such an agreement has not been executed between the said Frederick Triggs, Sr. and the Corporation, then, in that event, the remaining stockholder, to wit: Ransford D. Triggs, shall have the right and option to purchase the said stock of Frederick Triggs, Sr. for a period of sixty (60) days following the death of Frederick Triggs, Sr. * * * It is the specific intention of both Stockholders that a majority of the voting stock shall be held by them in the event of the demise of Frederick Triggs, Sr." On April 4, 1963, Fred, Sr., and Triggs Color Printing Corporation executed the stock purchase agreement which was contemplated in the March 19, 1963 agreement. The agreement provided in relevant part that the corporation would purchase all of Fred, Sr.'s shares from his estate and gave Fred, Sr., the right to terminate the agreement in the event of the death of his wife. On June 27, 1964, Mrs. Triggs died. On October 27, 1964, Fred, Sr., requested the corporation to cancel the April 4, 1963 agreement, which request was honored. On November 11, 1964, the April 4, 1963 agreement was canceled. On November 22, 1968, Fred, Sr., executed a will wherein he bequeathed all of his shares of Triggs Color Printing Corporation to his three sons, to be divided among them equally. On February 11, 1970, he executed a codicil to the will in which he bequeathed his 113 class A voting shares to David and Fred, Jr., and stated that "in doing this I specifically declare null and void the agreement made March 19, 1963 by and between myself and Ransford D. Triggs." "The construction of a plain contract, that is, one which is clear and explicit in its terms, involves only a question of law, and is a matter for the court to determine from the terms themselves" (10 NY Jur, Contracts, § 190). The option clause in the March 19, 1963 stockholders' agreement is clear and unambiguous. Under that clause (par Fourth), where Fred, Sr., executed an agreement with Triggs Color Printing Corporation for the repurchase of his shares by the latter, Ransford's option right was effectively extinguished. Ransford's option right was expressly conditioned upon Fred, Sr.'s, failure to execute the repurchase agreement. The subsequent cancellation of the repurchase agreement on November 11, 1964 did not revive Ransford's option right under the March 19, 1963 agreement, and it was incumbent upon Ransford and his father to expressly and specifically agree to a revival of that right if that was their intention (see *Gaines v Jacobsen,* 308 NY 218). "A court cannot make a new contract for the parties under the guise of interpreting the writing. A court is not at liberty to revise a contract while professing to construe it. The court must construe an agreement as made and may not make a new agreement by construction. Contracts must be enforced as they are written". (10 NY Jur, Contracts, § 191). Trial Term in directing specific performance for plaintiff Ransford in effect viewed paragraph Fourth of the stockholders' agreement as ambiguous and under the guise of interpretation, made a new contract for the parties. As the stockholders' agreement of March 19, 1963 is not ambiguous, this was error. Accordingly, the judgment of the Supreme Court, New York County, entered May 27, 1977, after a nonjury trial which, *inter alia,* directed defendant David W. Triggs, *as* executor of the last will and

testament of Frederick Triggs, Sr., deceased, to transfer the 113 shares of voting stock to plaintiff, should be reversed, to the extent appealed from by vacating that portion which grants specific performance in favor of plaintiff and substituting therefor a direction that judgment be entered in favor of defendant David W. Triggs as executor denying specific performance.