■ ROBERT MENAKER, Appellant, v STANLEY PADOVER, Respondent, and ALSTED AUTOMOTIVE WAREHOUSE, INC., Respondent-Appellant. (Action No. 1.) In the Matter of the Arbitration between THEODORE FREEDMAN et al., Appellants, and STANLEY PADOVER, Respondent. (Proceeding No. 2.) In the Matter of the Arbitration between ROBERT MENAKER, Appellant, and STANLEY PADOVER, Respondent. (Proceeding No. 3.)—In, *inter alia,* proceedings to stay arbitration, the appeals are from (1) an order and judgment (one paper) of the Supreme Court, Nassau County, entered October 5, 1979, which, in the first two above-captioned matters, (a) granted the motion of Stanley Padover to stay the action commenced by Robert Menaker pending arbitration; (b) denied the cross motion to strike the answer interposed on behalf of Alsted Automotive Warehouse, Inc., in the action commenced by Menaker and (c) denied the application to stay arbitration; and (2) a judgment of the same court entered November 1, 1979, which, in the third above-captioned matter, denied an application to permanently stay arbitration. Order and judgment (one paper) and judgment both affirmed, with one bill of $50 costs and disbursements payable jointly to respondents appearing separately and filing separate briefs. In the first two above-captioned matters, Special Term was correct in deciding that under the broad arbitration provision in the stockholder's agreement, the matters raised by Stanley Padover in his demand for arbitration, including, *inter alia,* the claims of wrongful removal from office, defamation, and corporate waste, were properly the subjects of arbitration. As was noted in *Matter of Vogel (Lewis)* (25 AD2d 212, 216): "The trend is undoubtedly towards * * * greater liberality in application of arbitration provisions." (See, also, *Matter of American Airlines [Licon Assoc. —American Arbitration Assn.],* 56 AD2d 774; *Matter of Carl [Weissman],* 263 App Div 887.) In the third matter, Special Term was correct in holding that appellant Robert Menaker is subject to the arbitration provisions of the stockholder's agreement, even though he was not a signatory thereto. The said appellant is the son of appellant Allen S. Menaker, who was one of the original shareholders of Alsted Automotive Warehouse, Inc., and was a signatory to the original shareholder's agreement which contained the arbitration clause presently in dispute. On May 29, 1979 Allen S. Menaker's shares were duly transferred to his son Robert. Robert Menaker contends that as a purchaser of his father's shares, he is not subject to the arbitration clause embodied in the shareholder's agreement, citing *Tanbro Fabrics Corp. v Deering Milliken* (35 AD2d 469, affd 29 NY2d 690). *Tanbro,* however, is distinguishable, as that case involved an arm's length purchase of goods in the ordinary course of business, whereas the instant case deals with a sale of stock from father to son. The close relationship of transferor and transferee herein, especially when coupled with the fact that here the transferee had constructive notice, if not actual knowledge, of the arbitration clause, renders the holding in *Tanbro* inapposite.* Robert Menaker's knowledge or notice of the existence of the arbitration provision is an important consideration. In *Tomoser v Kamphausen* (307 NY 797, 801), it was stated that "one

---

* In this regard, we note that a legend appeared on the stock certificates which made clear reference to the restrictions in the shareholder's agreement, and that the original shareholder's agreement expressly contemplated the sale of stock by Allen S. Menaker to his son Robert. These facts compel the conclusion that Robert had, at the least, constructive notice of the arbitration clause.

may not purchase and obtain good title to stock in a corporation when one knows of equities in another stockholder affecting such purchased stock." Moreover, section 8-204 of the Uniform Commercial Code states: "Unless noted conspicuously on the security a restriction on transfer imposed by the issuer even though otherwise lawful is ineffective except against a person with actual knowledge of it." Although Robert Menaker's title to the stock in the corporation is not in question, the *Tomoser* case is relevant as to his rights and obligations vis-à-vis the other shareholders in the corporation. Accordingly, he cannot at this time deny his obligation to arbitrate pursuant to the provisions of the shareholder's agreement. Lazer, J. P., Gibbons, Gulotta and Margett, JJ., concur.