■ NEW YORK TELEPHONE COMPANY, Appellant, v JULES V. SPECINER, as Trustee in Bankruptcy of MARSHALL CONSTRUCTION COMPANY, INC., Respondent.—Order, Supreme Court, New York County, entered September 25, 1979, granting the motion of respondent-respondent for, inter alia, an order compelling arbitration and denying petitioner-appellant's cross motion permanently staying the arbitration, unanimously dismissed as academic, without costs and without disbursements. Appeal from order, Supreme Court, New York County, entered September 7, 1979, denying petitioner-appellant's motion for reargument, unanimously dismissed as nonappealable, without costs and without disbursements. Order, Supreme Court, New York County, entered November 19, 1979, resettling order entered September 25, 1979, unanimously modified, on the law and the facts, to the extent of reversing that portion of the order compelling arbitration, and granting petitioner-appellant a permanent stay of arbitration, and otherwise affirmed, without costs and without disbursements. In January, 1968, petitioner-appellant New York Telephone Company (NYT) and Marshall Construction Company, Inc. (Marshall) entered into a written contract for the construction of a facility in The Bronx. The contract contained a provision that "all claims of the Owner or Contractor and * * * all other matters relating to the execution and progress of the work or in the interpretation of the Contract Documents" be submitted to the architect within a reasonable time. Either party could demand arbitration from the architect's decision, or in the event that the architect failed to render a decision within 10 days. The arbitration clause following this provision clearly states the parties' intentions that it "is mutually agreed that the decision of the arbitrators shall be a condition precedent to any right of legal action that either party may have against the other." The contract also provided that there would be no contractual relationship created between NYT as owner and any of Marshall's subcontractors, and that NYT would be under no obligation "to pay or to see to the payment

of any sums to any subcontractor." In June, 1971, a subcontractor on this job submitted to Marshall a delay claim of $416,400 and a claim of $32,596.41 for extra work. The aggregate claim was made by means of a letter from the subcontractor to Marshall who in turn forwarded it to the architect. Respondent (trustee in bankruptcy for Marshall) asserts that negotitions on this matter lasted until sometime in October, 1971, when Marshall was informed NYT was opposing the claim. In January, 1972, the subcontractor served its demand for arbitration of this claim on Marshall under the provisions of its contract with Marshall. Marshall made its demand for arbitration against NYT in February, 1972 and included this demand in its answer to the subcontractor on a claim-over theory. On February 25, 1972, NYT brought this proceeding seeking a permanent stay of arbitration of the Marshall claim against NYT. NYT alleged that Marshall had not complied with the condition precedent to arbitration, viz., that Marshall had not submitted its claim with the necessary supporting evidence to the architect. NYT also contended that it was not a proper party to the arbitration between Marshall and its subcontractor since there was no contractual relationship between NYT and the subcontractor, nor was there any other legal obligation flowing from NYT to the subcontractor on this matter. By order entered June 30, 1972, Special Term granted NYT a stay until Marshall fulfilled its condition precedent to arbitration by making a proper submission of its claim with supporting evidence thereto. The court in its decision accompanying that order found that Marshall's act of forwarding the claim of its subcontractor to NYT did not constitute compliance with the condition precedent, that there be "submission of evidence supporting such claims to the architect". Thereafter, in March, 1973 Marshall by letter asked the architect to specify the nature of evidence required. Commenting that Marshall's documentation to date had been limited, the architect responded in April, 1973: "Therefore, you should present a written analysis and specification of the claim, as well as all supporting documentation." Marshall's submission in November, 1973 was judged to be inadequate by the architect after review of the material by counsel for NYT. The architect again asked for a detailed presentation in substantially the same language as the April, 1973 instruction. In December, 1973, Marshall responded to the architect by first objecting to reliance on advice from NYT's attorneys, then stating that no further submission would be forthcoming regarding this claim, and lastly requesting that the determination be rendered on the "sufficient information furnished." To date, there has been no further submission of evidence as required by the court order. In February, 1975, Marshall went into bankruptcy, and the subcontractor filed its claim of $448,996.41 against Marshall. In June, 1975, the trustee in bankruptcy applied to the Bankruptcy Court for approval, as special counsel, of the firm of Max E. Greenberg, Trayman, Cantor, Reiss & Blasky, the firm representing the subcontractor in its claim against Marshall. After the Bankruptcy Court's approval of special counsel in October, 1975, the trustee in bankruptcy of Marshall moved in Special Term in December, 1975, to be substituted for Marshall in this proceeding. The order entered June 21, 1976 granting substitution also directed the parties to comply with the order of June 29, 1972, which had stayed arbitration until Marshall's claim was properly submitted to and determined by the architect. Inasmuch as substitution

was the subject of the motion, the court did not pass on NYT's objection to approved counsel for the trustee on the grounds of a possible conflict of interest resulting from the Greenberg firm representing both the subcontractor and the trustee against whom the subcontractor had a claim. No action was taken to comply with the direction of the 1976 order. In January, 1979, the trustee respondent brought this motion to compel arbitration. NYT cross-moved for a permanent stay and for disqualification of counsel for the trustee. Special Term granted the trustee's motion to the extent of finding that Marshall's letter and appended materials of November, 1973 constituted a sufficient submission and, further, that the architect's response more than 10 days after the submission, although requesting analysis and full documentation, constituted a rejection of the claim, thereby fulfilling the condition precedent to arbitration. The trustee on this appeal relies, as did Special Term, on *Matter of American Airlines (Licon Assoc.—American Arbitration Assn.)* (56 AD2d 774) as dispositive of the issue of submission of claim. We cannot agree. *American Airlines* is distinguishable on the facts. In that case, where there was an arbitration clause allowing an arbitration demand, *inter alia,* 10 days after submission of evidence, the contractor's claim letter stated that it contained all the evidence that the claimant would present. The architect's subsequent response, more than 10 days after the submission, was that not enough evidence had been submitted. The court deemed the architect's response to be a rejection of the claim. Here, the architect's response could not be considered a rejection; it was simply a request for an analysis of the claim being presented and for all the appropriate supporting documentation thereof. Nor did Marshall ever contend it had submitted all its evidence; it consistently claimed only having submitted "sufficient" evidence. Here, there was also a stay of arbitration in effect when Marshall made its submission. It is worthy of note that in the time between its submission in November, 1973 and its bankruptcy in 1975, Marshall did not make any attempt to vacate that stay as it was entitled to do if it reasonably believed that it had presented sufficient evidence. It is clear that Marshall never did comply with the 1972 and 1976 orders directing submission of the evidence requested by the architect and, therefore, never did fulfill the condition precedent to a demand for arbitration. In granting the stay of arbitration sought by NYT in its cross motion, we hold that arbitration has effectively been abandoned. The Marshall-NYT contract provides that "the demand of arbitration shall be made within a reasonable time after the dispute has arisen." Marshall's demand on NYT as part of its answer in its arbitration proceedings with its subcontractor was certainly timely. However, there has been no timely response by Marshall (or its trustee in bankruptcy) to court directions regarding a proper submission. Trustee respondent offers no legally sufficient excuse for inactivity between December, 1973 correspondence with the architect following the attempted submission, and the 1975 bankruptcy, nor for the three-year delay following the 1976 order to comply "with due dispatch" and the 1979 motion to compel arbitration. These inexcusable delays are sufficient for a finding of abandonment, and respondent is hereby held to have waived the right to arbitrate. *(Matter of Finkelstein [Harris],* 17 AD2d 137, 138-139; *Agman Managers v Old Republic Ins. Co.,* NYLJ, Dec. 1, 1978, p 6 col 1.) In addition, inasmuch as the original demand in 1972 was judged to be

premature, and therefore a nullity, by the 1972 order determining that the condition precedent had not been fulfilled, respondent's motion to compel arbitration in 1979 is, in effect, barred by the Statute of Limitations. That purported demand of 1972 will not serve to toll the Statute of Limitations. *(Matter of Finkelstein [Harris], supra,* p 139.) Therefore, the 1979 motion also has not been made within "the reasonable time after the dispute has arisen", as required by the Marshall-NYT contract. Lastly, we do affirm that portion of Special Term's order which ruled that the law firm need not be disqualified for conflict of interest both on the reasoning of the opinion of Special Term and because our decision herein permanently staying arbitration renders the NYT objection academic. Concur—Kupferman, J. P., Birns, Fein, Sandler and Sullivan, JJ.