■ ALEXANDER SZABADOS et al., Respondents, v PEPSI-COLA BOTTLING COMPANY OF NEW YORK, INC., Appellant.—Order of the Supreme Court, New York County (Myriam J. Altman, J.), which denied defendant's application to stay the action and compel arbitration (CPLR 7503 [a]), unanimously reversed, on the law, with costs, the action stayed and the parties directed to proceed to arbitration.

By letter dated October 28, 1988, defendant discontinued plaintiffs' distributor agreement pursuant to the termination provision of that contract. The letter states merely that plaintiffs "have failed to comply with and have not, to the Company's satisfaction, completed the obligations *[sic]* pursuant to the Distributor Agreement between Alexander Szabados and Gemini Beverage, Inc. and the Pepsi Cola Bottling Company of New York, Inc. dated March 19, 1980." In a prior action, Supreme Court, by way of an order dated February 6, 1989, *inter alia,* directed that the dispute concerning the propriety of defendant's termination of the contract be determined in arbitration pursuant to the broad arbitration provision contained in the distributor agreement. Plaintiffs then commenced the instant action, complaining that the termination letter of October 28, 1988 is libelous and that certain unspecified "officers and agents" of defendant made slanderous remarks to the effect that plaintiffs "were responsible for the theft of funds" from defendant. In the order under review, Supreme Court denied defendant's motion to stay the action and compel the parties to proceed to arbitration, holding that the libel and slander action, although related to plaintiffs' termination, "does not involve 'the interpretation or application of the provisions' of the agreement" so as to come within the ambit of the arbitration clause.

In the recent past, this court has, in various contexts, observed that "[a] contract action cannot be transformed into something more merely by employing the language of tort" *(Stendig, Inc. v Thom Rock Realty Co.,* 163 AD2d 46, 46-47, citing *SSDW Co. v Feldman-Misthopoulos Assocs.,* 151 AD2d 293, 295; *see also, Megaris Furs v Gimbel Bros.,* 172 AD2d 209). We have also noted that "judicial intervention in the

arbitration process is only appropriate where the relevant public policy considerations 'prohibit, in an absolute sense, particular matters being decided or certain relief being granted by an arbitrator' " *(Matter of Wertlieb [Greystone Partnerships Group],* 165 AD2d 644, 646, quoting *Matter of Sprinzen [Nomberg],* 46 NY2d 623, 631). "The policy of this State is to favor and encourage arbitration as a means of expediting the resolution of disputes and conserving judicial resources" *(Rio Algom v Sammi Steel Co.,* 168 AD2d 250, 251). That policy "precludes the parties to an arbitration agreement from simultaneously pursuing their claims before the courts and thus playing one forum off against the other" *(Avon Prods. v Solow,* 150 AD2d 236, 238).

Fundamentally at issue in both the contract dispute and the defamation action is the propriety of defendant's termination of the distributor agreement, and there is, therefore, a "reasonable relationship between the subject matter of the dispute and the general subject matter of the underlying contract" *(Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co.,* 37 NY2d 91, 96). Clearly, a determination in arbitration that defendant had grounds to terminate the contract would eviscerate plaintiffs' tort claim, which alleges that defendant's statements in its termination notice were false, malicious and reckless. Moreover, as counsel for defendant cogently observes, where, as here, notice is required to end a contractual relationship, a party who wished to avoid arbitration could accomplish that objective merely by suing on statements made in connection with the notice of termination instead of, or in addition to, the underlying contract. Therefore, policy considerations dictate that incidental tort claims which are integrally linked to an arbitrable dispute be submitted for resolution in arbitration *(Harris v Iannaccone,* 107 AD2d 429, *affd* 66 NY2d 728; *Menaker v Padover,* 75 AD2d 807, *lv denied* 50 NY2d 926; *Matter of American Airlines [Licon Assocs.],* 56 AD2d 774). Concur—Murphy, P. J., Carro, Wallach and Rubin, JJ.