■ MICHAEL VASINKEVICH, Appellant, v ELM DRUGS et al., Respondents. [616 NYS2d 808] —In an action seeking, *inter alia,*

the reformation of a shareholder's agreement and a guarantee based upon mistake and fraud, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Rutledge, J.), entered March 12, 1993, which denied his motion for a preliminary injunction, dismissed the action, and, pursuant to 22 NYCRR 130-1.1, awarded each defendant $2,500 in attorneys' fees, and (2) two orders of the same court, dated February 10, 1993, and March 11, 1993, respectively.

Ordered, that the appeals from the orders dated February 10, 1993, and March 11, 1993, are dismissed as abandoned, without costs or disbursements; and it is further,

Ordered, that the order entered March 12, 1993 is modified, on the law, by vacating the award of attorneys' fees; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff's contention that there was no summary judgment motion before the Supreme Court is not properly before this Court for review, since it was raised for the first time in his reply brief (see, Duran v Heller, 203 AD2d 414).

In any event, the Supreme Court correctly treated the motion and cross motion as motions for summary judgment. The papers and proof submitted by the parties clearly showed that they were seeking summary judgment. The parties have charted their own procedural course and this Court will not relieve them of the consequences arising therefrom (see, Mihlovan v Grozavu, 72 NY2d 506; 2M Realty Corp. v Boehm, 204 AD2d 620; Twelve Lions Renaissance Corp. v 684 Owners Corp., 157 AD2d 577).

The plaintiff expressly informed the Supreme Court that this action was not one to recover 50 shares of the defendant Elm Drugs, Inc. (hereinafter Elm) which he gave to the defendant Vianna as a gift in contemplation of marriage. As a result, the plaintiff expressly waived any argument that he could recover the 50 shares pursuant to Civil Rights Law § 80-b (see, e.g., Civil Rights Law § 80-b; Horowitz v Incorporated Vil. of Roslyn, 144 AD2d 639, 641-642; Brown v Lockwood, 76 AD2d 721, 729). Even if we were to reach the issue in the interest of justice, we would find that Civil Rights Law § 80-b is inapplicable, as the defendant Vianna executed a shareholder's agreement, a guarantee, and gave other consideration in exchange for the plaintiff's transfer of 50 shares of Elm.

The first two causes of action, alleging that the plaintiff transferred 50 shares to Vianna based upon her fraudulent representation that she would marry him, were properly dismissed by the Supreme Court, as they were abolished by

Civil Rights Law § 80-a *(see,* Civil Rights Law §§ 80-a, 83, 84; *Andie v Kaplan,* 288 NY 685; *Brandes v Agnew,* 275 App Div 843; *Sulkowski v Szewczyk,* 255 App Div 103; *Bressler v Bressler,* 133 NYS2d 38, 40-42; *Easley v Neal,* 202 Misc 554, 556-557). In addition, the Supreme Court properly dismissed the first four causes of action, due to the absence of any evidence of mistake, fraud, or of a contrary agreement made by the parties at the time they entered into the shareholder's agreement and the guarantee *(see, W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 162; *Chimart Assocs. v Paul,* 66 NY2d 570, 573-574; *Tomoser v Kamphausen,* 307 NY 797, 801; *Brown v Lockwood,* 76 AD2d 721, 731, *supra; Triggs v Triggs,* 61 AD2d 911, *affd* 46 NY2d 305).

The plaintiff's fifth cause of action, alleging waste and mismanagement of Elm, was properly dismissed, as it should have been brought as a derivative action *(see, e.g., Matter of Levandusky v One Fifth Ave. Apt. Corp.,* 75 NY2d 530, 543 [Titone, J., concurring]; *Abrams v Donati,* 66 NY2d 951). In addition, the defendants demonstrated that the plaintiff's request to inspect shareholder lists and books and records in order to value the stock of Elm, was made in bad faith in light of the shareholder's agreement which contained the names of all shareholders and an agreed-upon method for valuing the corporate stock *(see,* Business Corporation Law § 724 [b]; *Rockwell v SCM Corp.,* 496 F Supp 1123, 1125-1126; *Matter of Crane Co. v Anaconda Co.,* 39 NY2d 14, 18-19).

Finally, we find that the sanction of attorneys' fees was inappropriate. Balletta, J. P., O'Brien, Copertino and Florio, JJ., concur.