■ In the Matter of POLY-PAK INDUSTRIES, INC., Respondent, v COLLEGIATE STORES CORPORATION et al., Appellants. [703 NYS2d 18] —Order, Supreme Court, New York County (Louis York, J.), entered August 20, 1999, which granted the petition to stay arbitration of respondent's counterclaims, unanimously reversed, on the law, without costs, and the petition dismissed.

Pursuant to a written agreement that expired on December 31, 1998, petitioner Poly-Pak Industries supplied custom-imprinted plastic bags containing advertising inserts to respondent Collegiate Stores Corporation, which sold them to college book stores. The agreement contained a broad arbitration clause providing that "[a]ny controversy arising between the parties to the agreement shall be settled by arbitration in New York City, conducted in accordance with the Commercial Arbitration Rules of the American Arbitration Association or its successor."

Upon expiration of the agreement, respondent Collegiate contracted with another manufacturer for production of the bags and, on January 7, 1999, notified Poly-Pak that their agreement would not be renewed. Collegiate also requested the return of artwork, engraving and plates used to imprint the plastic bags. The parties agreed, however, that Poly-Pak would fill a number of orders received by Collegiate shortly before the contract expired and that Poly-Pak would retain whatever plates were necessary for printing those bags. When the orders were completed, Poly-Pak refused to return the plates unless Collegiate paid its invoices in full, some of which were not yet due. In the course of negotiations, several settlement agreements were drafted, but the parties were unable to resolve their differences.

In March 1999, Poly-Pak filed an arbitration demand seeking damages of $347,908.42 for orders placed prior to termination of the agreement. Collegiate denied Poly-Pak's claims and asserted counterclaims seeking money damages of $900,000, return of all records, information, plates, engravings and artwork, and an injunction against the use of such material by Poly-Pak for any purpose.

On May 11, 1999, Poly-Pak filed a petition to stay arbitration with respect to the counterclaims on the ground that they concerned a dispute that arose subsequent to the expiration of the contract. Supreme Court granted the stay, finding that the dispute over the wind-up work performed by Poly-Pak involved a contract for goods sold and delivered, distinct from the expired agreement.

The subject agreement contains a very broad provision for

the arbitration of "[a]ny controversy arising between the parties." As the Court of Appeals has stated, "Generally, a broad arbitration clause in an agreement survives and remains enforceable for the resolution of disputes arising out of that agreement subsequent to the termination thereof and the discharge of obligations thereunder, irrespective of whether the termination and discharge resulted from the natural expiration of the term of the agreement" (*Matter of Primex Intl. Corp. v Wal-Mart Stores*, 89 NY2d 594, 598-599, citing *Nolde Bros. v Bakery Workers*, 430 US 243, 251-253). The "wind-up work" being performed by Poly-Pak clearly relates to the winding up of the contractual relationship between the parties. Furthermore, Poly-Pak only came into the possession of printing plates and other materials because they were necessary to its performance under the written agreement. Finally, whether any production requested by Collegiate subsequent to December 31, 1998 constitutes "wind-up work" is an arbitrable question. As stated in *Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co.* (37 NY2d 91, 96): "Once it appears that there is, or is not a reasonable relationship between the subject matter of the dispute and the general subject matter of the underlying contract, the court's inquiry is ended. Penetrating definitive analysis of the scope of the agreement must be left to the arbitrators whenever the parties have broadly agreed that any dispute involving the interpretation and meaning of the agreement should be submitted to arbitration".

The parties' dispute bears "a 'reasonable relationship'" to the contract containing the arbitration provision, and the addition of incidental matters will not defeat arbitrability (*Szabados v Pepsi-Cola Bottling Co.*, 174 AD2d 342, 343). A narrow construction of the provision would subvert the policy of this State "'to favor and encourage arbitration as a means of expediting the resolution of disputes and conserving judicial resources'" (*supra*, at 343, quoting *Rio Algom v Sammi Steel Co.*, 168 AD2d 250, 251, *lv denied* 78 NY2d 853). Concur—Sullivan, J. P., Nardelli, Rubin, Andrias and Friedman, JJ.