■ BIG APPLE PHYSICAL THERAPY, P.C., Appellant, v FIRE DEPARTMENT OF THE CITY OF NEW YORK et al., Respondents. [806 NYS2d 27]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered July 29, 2004, which granted defendants' motion to dismiss the complaint on the ground that plaintiff failed to exhaust administrative remedies, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

In September 1999, plaintiff contracted with the New York City Fire Department (FDNY) to construct and operate a central physical therapy center at FDNY's Brooklyn headquarters and to provide physical therapy services to FDNY members. Plaintiff's compensation was based on a per-member visit basis. The contract permitted FDNY to refer its members to facilities other than the central physical therapy center but only when a

certified medical condition warranted such referral. Plaintiff allegedly closed the central physical therapy center early in 2002 due to under-utilization by FDNY which allegedly constituted a breach of the contract by FDNY. After commencement of this breach of contract action, FDNY moved to dismiss on the basis that article 14 of the contract required that all disputes were to be resolved administratively. In further support of its administrative exhaustion argument, FDNY relied on section 5-11 of the Rules of the New York City Procurement Policy Board (PPB Rules), which appears to require that FDNY include a clause in all contracts that all disputes be resolved through alternative dispute resolution. The IAS court agreed and dismissed plaintiff's complaint.

We start, as we must, with the contract language as agreed upon by the parties to determine whether the parties have an "explicit and unequivocal agreement" to exclusively use alternative dispute resolution, thus barring this action (*Thomas Crimmins Contr. Co. v City of New York*, 74 NY2d 166, 171 [1989]; *see also Maross Constr. v Central N.Y. Regional Transp. Auth.*, 66 NY2d 341, 346 [1985]).

Article 14 of the contract provided for alternative dispute resolution of "[a]ll disputes . . . of the kind delineated in this section." Section 14.1 (b) delineates that the disputes covered are only construction and construction-related services of particular types. The plain meaning of section 14.1 (b), then, is that there are construction and construction-related services disputes which are not required to be resolved administratively and, by clear implication, that other aspects of the contract are likewise not subject to alternative dispute resolution. This language starkly contrasts with the mandatory dispute resolution clause encompassing "any dispute arising out of the performance of the contract" which we held a bar to litigation in *Chambers Servs. v City of New York* (277 AD2d 66 [2000]).

Had FDNY desired to include all disputes arising under the contract, there would be no sense to the phrase "of the kind delineated in this section." To reach the result argued by FDNY we would have to excise language which the parties included in their contract. In the specific context of the parties' contract, the plain meaning of Article 14's administrative exhaustion language is that only disputes involving certain construction or construction-related services were to be handled through alternative dispute resolution. Plaintiff's ability to render nonconstruction services, which was allegedly impaired by FDNY, is not the type of dispute which the parties explicitly and unambiguously referred to administrative resolution.

While FDNY could have insisted on an enforceable alternative dispute resolution for any and all controversies arising under the parties' contract (*Matter of Poly-Pak Indus. v Collegiate Stores Corp.*, 269 AD2d 130 [2000]), and while FDNY may have been required by municipal rule to include such a requirement in its contracts (PPB Rules § 5-11 [a]), FDNY's contract with plaintiff did not contain such a provision and we are not at liberty to rewrite the parties' contract. The IAS court should not have provided FDNY with a contract clause for which it failed to negotiate. Since plaintiff should not be barred from recourse to judicial resolution of this dispute, we reverse the order and reinstate the complaint. Concur—Buckley, P.J., Tom, Mazzarelli, Marlow and Catterson, JJ.