## Healthcorps., Inc. v Urban FT, Inc.

2025 NY Slip Op 31907(U)

May 30, 2025

Supreme Court, New York County

Docket Number: Index No. 160494/2018

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. LYLE E. FRANK** PART 11M

*Justice*

-------------------------------------------------------------------------------X

HEALTHCORPS., INC.,

                          Plaintiff,

                    - v -

URBAN FT, INC.,RICHARD STEGGALL

                        Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 160494/2018 |
| MOTION DATE | 10/01/2024, 10/01/2024 |
| MOTION SEQ. NO. | 002 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 86, 87, 88, 91, 92, 93, 94, 95, 96, 98, 99, 100, 101

were read on this motion to/for       SUMMARY JUDGMENT(AFTER JOINDER    .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 102, 103, 104

were read on this motion to/for           JUDGMENT - SUMMARY      .

Upon the foregoing documents, plaintiff's motion is granted in part and defendants' motion is granted in part.

**Background**

Healthcorps., Inc. ("Plaintiff") is the tenant and sub-landlord for a suite in a building located on Broad Street, New York, NY. In 2016, Plaintiff sub-leased the suite to Urban FT (the "Business Defendant" or "Urban") according to the terms of a commercial lease agreement set to expire in 2021 (the "Sublease"). Connected with the Sublease, Urban's CEO Richard Steggall (the "Individual Defendant", collectively with the Business Defendant the "Defendants") signed a Good Guy Guarantee. In 2017 through early 2018, the Business Defendant failed to pay rent. In response, Plaintiff sent the Business Defendant a notice in January of 2018, stating that the subtenant was in default after the cure period and that Plaintiff "hereby terminates the Sublease and demands that [the Business Defendant] vacate the Premises immediately" (the "Termination

[* 1]

Notice"). The parties continued to negotiate on the matter, and Plaintiff filed a Civil Court action that resulted in a Stipulation of Settlement in April of 2018. Then at the end of October in 2018, the Business Defendant vacated the premises, having failed to pay rent for October or any successive month. The underlying proceeding here was brought by Plaintiff in November of 2018. In late January of 2019, Plaintiff moved back into the premises, having been unable to locate another sub-tenant.

## Standard of Review

Under CPLR § 3212, a party may move for summary judgment and the motion "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." CPLR § 3212(b). Once the movant makes a showing of a prima facie entitlement to judgment as a matter of law, the burden then shifts to the opponent to "produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action." *Stonehill Capital Mgt. LLC v. Bank of the W.*, 28 N.Y.3d 439, 448 [2016]. The facts must be viewed in the light most favorable to the non-moving party, but conclusory statements are insufficient to defeat summary judgment. *Id.*

## Discussion

In the present motions, both sides have moved for summary judgment in their favor. Plaintiff argues that they have established entitlement to their claims for unpaid rents, utilities, and move-out costs pursuant to the terms of the Sublease and the Good Guy Guarantee. For their part, Defendants argue that they have established that the Sublease and Good Guy Guarantee were no longer in effect from January of 2018 and therefore they are entitled to summary judgment in their favor on the breach of contract and guaranty claims. They also argue that the

[* 2]

claim for conversion and the declaratory judgment claims are duplicative. For the reasons that follow, summary judgment is granted to Plaintiff on the first two causes of action and to the Defendants on the remaining claims.

### *The Termination Notice Terminated the Sublease*

One key issue in this matter is what the impact of the Termination Notice and the following course of behavior from the parties had on the validity of the Sublease. Plaintiff's position is that the Sublease was never actually terminated in January of 2018, because the parties later resolved the issues that gave rise to the letter, Plaintiff accepted the rental arrears, and the Business Defendant was not evicted. Defendants argue that the Termination Notice terminated the Sublease in January of 2018, and that therefore the Sublease and Guarantee were no longer operative and for the rest of their presence on the premises, the Business Defendant was merely a month-to-month subtenant.

Plaintiff has not cited to any binding authority for the proposition that the Termination Notice did not actually terminate the Sublease because of the parties' subsequent course of behavior. They cite only to two trial-level cases, neither of which are applicable to the facts at issue here. In *Rensselaer*, the landlord gave the tenant notice that the lease would be terminated on December 15 due to a breach. *Rensselaer Hous. Auth. v. Beverly*, 59 Misc. 3d 534, 535 [Rensselaer City Ct. 2018]. The tenant tendered a rent payment on December 18th (after the termination date but before the commencement of a holdover proceeding), which the landlord accepted. *Id*. The court there ultimately held that the termination notice had become void because the landlord had accepted rent and permitted the tenant to remain beyond December 15th, prior to instituting the holdover proceeding. *Id*., at 541. Plaintiff also cites to *Troiano*, which likewise is non-binding and unavailing. There, a dispositive factor in the court's decision was that the

[* 3]

landlord retained tendered rent payments and failed to bring a proceeding after the termination date. *Troiano v. 55 Ehrbar Tenants Corp.*, 168 Misc. 2d 906, 910 [Sup. Ct. Nassau Cty. 1996].

But here, unlike in *Rensselaer* and *Troiano* (neither of which is binding on this Court), the parties did not resolve the issues giving rise to the termination notice until *after* a proceeding had been initiated. The terms of the Termination Notice were very clear, stating in bold and underlined that "HealthCorps hereby terminates the Sublease and demands that Urban FT vacate the premises immediately." The Termination Notice clearly had the effect of terminating the Sublease on January 10, 2018.

*The Stipulation of Settlement Bound the Plaintiff and Business Defendant to the Sublease*

Plaintiff has argued that the terms of the Stipulation of Settlement indicate that the Sublease was active at least as of April 2018. They point to language in the Stipulation of Settlement stating that the Business Defendant would "remain current with its monthly rent obligations under the parties' Sublease" and that further payments would be applied to "any additional rent as it becomes due and owing under the Sublease." Defendants argue that this language merely meant that the rate of rent set forth in the Sublease would be the applicable rent for a month-to-month tenancy. But as with the Termination Notice, here the clear language of the Stipulation of Settlement must be controlling. Plaintiff and the Business Defendant agreed to be bound by the terms of the Sublease in April of 2018. Rent would not otherwise become due and owing under an agreement that was no longer in effect. Parties to a cancelled contract may "expressly and specifically agree to a revival" of rights under that contract. *Triggs v. Triggs*, 61 A.D.2d 911, 912 [1st Dept. 1978]. Here, the agreement to reinstate the rights and obligations laid out in the Sublease was expressly and specifically stated in the Stipulation of Settlement.

160494/2018   HEALTHCORPS., INC. vs. URBAN FT, INC.                          Page 4 of 8
   Motion No.  002 003

4 of 8

[* 4]

Therefore, the Business Defendant has liability for the months of unpaid rent due under the Sublease from October 2018 to January of 2019, when Plaintiff moved back into the premises.

*The Guaranty Was Terminated in January of 2018 and Was Not Revived in the*

*Stipulation of Settlement*

Under the terms of the Good Guy Guarantee, the Individual Defendant agreed to unconditionally guarantee the payment and performance of the Business Defendant under the Sublease until "the date when the Subtenant vacates the Subleased Premises in accordance with Section 2.4 of the Sublease." The Guarantee was to remain in "full force and effect as to any amendment, renewal, modification, extension or substitution of the Sublease." Crucially, the Guarantee does not refer to any revival of the Sublease. The Individual Defendant was not a party to the Stipulation of Settlement, nor did that agreement reference the Good Guy Guarantee or the Individual Defendant. When the Termination Notice was sent, the original Sublease was terminated. At that time, the Guarantee was likewise terminated, along with the Individual Defendant's future obligations.

When the Plaintiff and Business Defendant agreed in April of 2018 to be bound by the same terms as the Sublease, this agreement did not reference or involve the Guarantee agreement or the Individual Defendant. Therefore, the new agreement as memorialized in the Stipulation of Settlement did not extend to include the Individual Defendant also agreeing to be bound by the same terms as was in the original Good Guy Guarantee. Because here the claims applying to the Individual Defendant only accrued after April of 2018, the Individual Defendant cannot as a matter of law be liable for those claims under a terminated and no longer active Good Guy Guarantee. Therefore, dismissal of the claim for breach of the Guarantee against the Individual Defendant is proper.

**160494/2018   HEALTHCORPS., INC. vs. URBAN FT, INC.**
**Motion No.  002 003**

**Page 5 of 8**

## *Duplicative Causes of Action Should Be Dismissed*

The third cause of action is pled in the alternative and asserts a claim of conversion against the Business Defendant relating to certain office furniture that was allegedly not returned to Plaintiff. Defendants have moved to dismiss this cause of action as duplicative of the breach of sublease claim. Because, as discussed above, the Sublease was active at the time that the alleged breaches took place, this alternatively pled claim is now duplicative. The fourth cause of action seeks a declaratory judgment that the Business Defendant is liable to Plaintiff for certain rents and fees that accrue under the Sublease as a result of their premature departure. Defendants move for summary judgment in their favor dismissing this claim as well as duplicative. Because Plaintiff has prevailed on their breach of contract claims, this cause of action is also duplicative and should be dismissed. *See, e.g., Apple Records, Inc. v. Capitol Records, Inc.*, 137 A.D.2d 50, 54 [1st Dept. 1988] (holding that a "cause of action for a declaratory judgment is unnecessary and inappropriate when the plaintiff has an adequate, alternative remedy in another form of action, such as breach of contract").

## *Conclusion*

The first and second causes of action assert claims against the Business Defendant sounding in breach of contract. The Stipulation of Settlement explicitly stated that the Business Defendant and Plaintiff agreed to be bound by the terms laid out in the Sublease, and there has been no dispute that the Business Defendant prematurely vacated the premises in breach of the terms of the Sublease. Summary judgment for liability in favor of Plaintiff on the first and second causes of action for breach of sublease against the Business Defendant is therefore granted. Because there are disputed issues of fact going to the extent of damages caused by the breach of the Sublease (including disputes over certain pieces of property that were located at the

**160494/2018   HEALTHCORPS., INC. vs. URBAN FT, INC.**
**Motion No.  002 003**

**Page 6 of 8**

6 of 8

[* 6]

premises), summary judgment as to damages would not be proper at this time. Because Plaintiff successfully established their entitlement to summary judgment on liability as to the breach of contract claims, the third and fourth causes of action are properly dismissed as duplicative. Finally, because the agreement to revive the Sublease in April of 2018 did not address or revive the Guaranty, the fifth and sixth causes of action asserted against the Individual Defendant should be dismissed as the Guaranty was no longer valid at the time of the Business Defendant's breaches of the Sublease. The Court has considered the parties' other arguments and found them unavailing. Accordingly, it is hereby

ADJUDGED that plaintiff's motion for summary judgment on liability is granted as to first and second causes of action and denied as to the rest; and it is further

ORDERED that an assessment of damages on the first two causes of action be held; and it is further

ADJUDGED that defendants' motion for summary judgment is denied as to the first two causes of action and granted as to the rest; and it is further

ORDERED that the third, fourth, fifth, and sixth causes of action be dismissed; and it is further

ORDERED that the balance of the above-entitled action is severed and continued; and it is further

ORDERED that a copy of this order with notice of entry be served by the movant upon the Clerk of the General Clerk's Office, who is directed, upon the filing of a note of issue and a certificate of readiness and the payment of proper fees, if any, to place this action on the appropriate trial calendar for the assessment hereinabove directed; and it is further

**160494/2018   HEALTHCORPS., INC. vs. URBAN FT, INC.**          **Page 7 of 8**
**Motion No.  002 003**

7 of 8

[* 7]

ORDERED that such service upon the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

20250530112421LFRANK4C28E7E847334DBCB9847FA4EAF90718

| 5/30/2025 | |
|---|---|
| **DATE** | **LYLE E. FRANK, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | REFERENCE |

**160494/2018   HEALTHCORPS., INC. vs. URBAN FT, INC.**
**Motion No.  002 003**

**Page 8 of 8**

8 of 8

[* 8]